UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER J. SCHERER, | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| *vs.* | ) | 1:14-cv-00537-JMS-TAB |
| | ) | |
| CAROLYN W. COLVIN, *Acting Commissioner* | ) | |
| *of Social Security Administration*, | ) | |
| *Defendant*. | ) | |

## ENTRY REVIEWING THE COMMISSIONER'S DECISION

Plaintiff Christopher Scherer applied for supplemental security income from the Social Security Administration ("SSA"). Following a hearing before Administrative Law Judge ("ALJ") T. Whitaker, the ALJ determined that Mr. Scherer was disabled and thus entitled to supplemental security income. In March 2014, the Appeals Council reversed the ALJ's decision, concluding that Mr. Scherer was not disabled. The Appeals Council's decision is the final decision of the Defendant, Commissioner of the Social Security Administration ("the Commissioner"), for the purposes of judicial review. *See* 20 C.F.R. § 416.1481. Mr. Scherer then filed this action under 42 U.S.C. § 405(g), requesting that the Court review the Commissioner's denial.

### I.
#### STANDARD OF REVIEW

The Court's role in this action is limited to ensuring that the Commissioner applied the correct legal standards and that substantial evidence exists for the Commissioner's decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). "[The Court] need not defer, however, to conclusions of law, and if the Commissioner commits an error of law, we may reverse without regard to the volume of evidence in support of the factual findings." *White ex rel. Smith*

*v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999). Indeed, if the Commissioner commits an error of law, reversal is "required." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014).

The Commissioner must apply the five-step inquiry set forth in 20 C.F.R. § 404.1520(a)(4)(i)-(v), evaluating the following, in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform her past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000) (citations omitted) (alterations in original). "If a claimant satisfies steps one, two, and three, she will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then she must satisfy step four. Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

At issue in this case is the Commissioner's step-two decision. At Step Two, "the [Commissioner] is required to determine . . . whether the claimant in fact has an impairment or combination of impairments that is 'severe.'" *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010) (quoting 20 C.F.R. § 404.1520(a)(4)(ii)). "A severe impairment is an impairment or combination of impairments that 'significantly limits [one's] physical or mental ability to do basic work activities.'" *Id.* (quoting 20 C.F.R. § 404.1520(c)). The claimant must present "evidence from acceptable medical sources to establish whether [he] ha[s] a medically determinable impairment(s)." 20 C.F.R. § 416.913(a). "In addition to evidence from the acceptable medical sources . . ., [the ALJ] may also use evidence from other sources to show the severity of your impairment(s) and how it affects your ability to work," which include "[o]ther non-medical sources" such parents, caregivers, and friends. 20 C.F.R. § 416.913(d).

In this case, the ALJ issued a decision favorable to Mr. Scherer, but the Appeals Council reversed the ALJ's decision. "Because the Commissioner has delegated the authority to make final decision to the Appeals Council, reviewing courts must defer to the Appeals Council's decision." *Schoenfeld v. Apfel*, 237 F.3d 788, 792 n.2 (7th Cir. 2001) (citing *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992)). "Hence, when the ALJ's decision is reversed by the Appeals Council," as it was here, "it is the Appeal's Council decision which constitutes the Commissioner's final decision for purposes of judicial review under 42 U.S.C. § 405(g)." *Id.*; *see* 20 C.F.R. §§ 404.979, 404.981.

## II.
### BACKGROUND

Mr. Scherer was born in 1964 and has a ninth-grade education. [Filing No. 12-2 at 27.] He has past relevant work as a roofer and construction worker.[1] [Filing No. 12-2 at 26.] Using the five-step sequential evaluation set forth by the SSA, the ALJ issued an opinion on June 24, 2013. [Filing No. 12-2 at 21-28.] The ALJ concluded that Mr. Scherer was disabled and thus entitled to supplemental security income. [Filing No. 12-2 at 21-28.]

The Appeals Council issued an opinion on March 7, 2014, reversing the ALJ's decision. [Filing No. 12-2 at 5-9.] The Appeals Council found as follows:

- At Step One, the Appeals Council adopted the ALJ's conclusion that Mr. Scherer has not engaged in substantial gainful activity[2] since the date his application for supplemental security income was filed, July 30, 2011. [Filing No. 12-2 at 6.]

---

[1] Mr. Scherer detailed pertinent facts in his opening brief, and the Commissioner did not dispute those facts. Because those facts implicate sensitive and otherwise confidential medical information concerning Mr. Scherer, the Court will simply incorporate those facts by reference herein. Specific facts will be articulated as needed.

[2] Substantial gainful activity is defined as work activity that is both substantial (*i.e.*, involves significant physical or mental activities) and gainful (*i.e.*, work that is usually done for pay or profit, whether or not a profit is realized). 20 C.F.R. § 404.1572(a) and § 416.972(a).

- At Step Two, the Appeals Council reversed the ALJ's decision that Mr. Scherer had a medically determinable impairment that was severe. [Filing No. 12-2 at 6-8.] Specifically, the Appeals Council stated that Mr. Scherer had failed to submit sufficient medical evidence "to establish the existence of a medically determinable severe impairment during the period at issue." [Filing No. 12-2 at 6.]

- The Appeals Council did not address the final three steps given that its step-two decision led to the conclusion that Mr. Scherer was not disabled and thus not entitled to supplemental security income.

Mr. Scherer's appeal from the Commissioner's decision is now before this Court.

## III.
### DISCUSSION

### A.       The Appeals Council's Step-Two Decision

Mr. Scherer challenges the Appeals Council's step-two decision. As stated above, at Step Two "the ALJ is required to determine . . . whether the claimant in fact has an impairment or combination of impairments that is 'severe.'" *Castile*, 617 F.3d at 926 (quoting 20 C.F.R. § 404.1520(a)(4)(ii)) The Court begins by setting forth the ALJ's and Appeals Council's step-two decisions. The Court then sets out the parties' arguments before analyzing whether the Appeals Council's step-two decision was erroneous.

At Step Two, the ALJ concluded that Mr. Scherer has the following severe impairments: history of substance abuse; history of psychosis; history of psychotic disorder, secondary to drug usage; history of polysubstance abuse; personality disorder with paranoid and antisocial features; and schizoid personality disorder. [Filing No. 12-2 at 23.] Among other things, the ALJ found that Mr. Scherer's paranoid schizophrenia was non-severe because the "condition [was] not corroborated in the medical evidence of record[,] [s]ince subjective complaints alone are insufficient to establish a medically determinable impairment." [Filing No. 12-2 at 23-24.]

The Appeals Council reversed the ALJ's step-two decision. It began by stating that the claimant "must provide *medical evidence* showing that he has an impairment(s) *and* how severe it is *during the time he says he is disabled*." [Filing No. 12-2 at 6 (emphases in original) (citing 20 C.F.R. § 416.912(c)).] This proposition is significant, reasoned the Appeals Council, "because the only *medical* evidence in the record relates to a four-day hospitalization the claimant underwent in November 2002, more than 8½ years before the application was filed July 2011." [Filing No. 12-2 at 6 (emphasis in original).] Given this, the Appeals Council concluded that Mr. Scherer "did not fulfill his regulatory responsibility . . . to provide *medical* evidence that shows how serve his impairments are *during the time he says he is disabled*." [Filing No. 12-2 at 6 (emphases in original).] The Appeals Council went on to recognize that evidence from Kenneth Scherer (Mr. Scherer's father) and George Zimmerman was relevant to Mr. Scherer's "mental symptoms and limitations," but reasoned that the "regulations make clear that subjective complaints alone . . . cannot establish the existence of a medically determinable impairment." [Filing No. 12-2 at 7.] Finally, the Appeals Council stated that Mr. Scherer's evidence of a four-day hospitalization in 2002 "does not appear to document disabling symptoms or limitations," even though Mr. Scherer's "final diagnoses on discharge were polysubstance abuse, by history, and personality disorder with paranoid and antisocial features." [Filing No. 12-2 at 7.]

Mr. Scherer argues that the Appeals Council erred in requiring him to submit medical evidence to establish the severity of his impairments, as medical evidence is only "needed to establish the *existence* of a medically determinable impairment, . . . not . . . to establish the *severity* of an impairment." [Filing No. 16 at 13 (emphases in original).] Mr. Scherer points to 20 C.F.R. §

416.929(b)-(c) as establishing that medical evidence is required to prove the claimant has a medically determinable impairment, but once that is established, other evidence can be used to establish the limitations those impairments cause. [Filing No. 16 at 15.]

The Commissioner responds that the Court need not addresses whether it was inappropriate for the Appeals Council to state that medical evidence was required to prove the severity of a medically determinable impairment since it is undisputed that such evidence is required to establish the existence of a medically determinable impairment, and the Appeals Council found that no such evidence was present during the relevant period. [Filing No. 21 at 7.] "While [Mr. Scherer] provided evidence of a hospitalization in November 2002," states the Commissioner, "there is no medical evidence that he had that condition in 2011 when he applied for [benefits]." [Filing No. 21 at 7.] For this reason, the Commissioner maintains that this Court should affirm the Appeals Council's decision. [Filing No. 21 at 7-8.]

Mr. Scherer replies that the Commissioner misstates the Appeals Council's holding in that the Appeals Council's reversal rested on the fact that there was no medical evidence regarding the severity of Mr. Scherer's impairments. [Filing No. 24 at 2-4.] In any event, Mr. Scherer agrees with the Commissioner that he must establish that he had a medically determinable impairment in 2011 when he applied for benefits, but he maintains that the requisite medical evidence does not need to date from that period. [Filing No. 24 at 5.] Instead, Mr. Scherer contends that the medical evidence can be from an earlier period as long as there is contemporaneous corroborating non-medical evidence demonstrating that his impairments continued to exist at that time. [Filing No. 24 at 5.]

The Court agrees with Mr. Scherer that the Appeals Council was wrong to require contemporaneous *medical* evidence—that is, medical evidence from August 2011, the date of his application—that he had a medically determinable impairment. Mr. Scherer provided medical evidence from a four-day hospitalization in 2002 that even the Appeals Council recognized set forth "final diagnoses on discharge [of] polysubstance abuse, by history, and personality disorder with paranoid and antisocial features." [Filing No. 12-2 at 7.] He also provided contemporaneous corroboration that these impairments were still present in August 2011—which the parties both agree is the relevant period—by way of testimony from his father and Mr. Zimmerman. The Commissioner defends the Appeals Council's decision by noting that Mr. Scherer lacks "medical evidence that he had [his] condition[s] in 2011 when he applied for [benefits]." [Filing No. 21 at 7.] But the Seventh Circuit has made clear in an analogous scenario—where a claimant attempts to prove that he had a medically determinable impairment at some point in the past with medical evidence from several years later—that medical evidence from the relevant period is unnecessary when other medical evidence is corroborated by contemporaneous non-medical evidence. *See Allord v. Barnhart*, 455 F.3d 818, 822 (7th Cir. 2006) ("[W]hat is required [to establish a retrospective diagnosis] is contemporaneous corroboration [contemporaneous with the period of coverage, that is] of the mental illness, . . . not necessarily contemporaneous medical corroboration.") (alterations in original) (citations and quotation marks omitted); *Wilder v. Apfel*, 153 F.3d 799, 802 (7th Cir. 1998) ("What is required is contemporaneous corroboration of the mental illness, not necessarily contemporaneous *medical* corroboration.") (emphasis in original) (citations omitted); *see also* S.S.R. 83-20, at *3 ("If reasonable inferences about the progression of the impairment cannot be made on the basis of the evidence in file and additional relevant medical evidence is not available, it may be necessary to explore other sources of documentation. Information may be obtained from

family members, friends, and former employers to ascertain why medical evidence is not available for the pertinent period and to furnish additional evidence regarding the course of the individual's condition.").

Simply put, Mr. Scherer was required to provide medical evidence to establish that he had a medically determinable impairment, *see* 20 C.F.R. § 416.913(a), at the time he applied for benefits in 2011. But the medical evidence does not need to date from the time he applied for benefits. All that is required is "contemporaneous corroboration of the [impairments], not necessarily contemporaneous medical corroboration." *Wilder*, 153 F.3d at 802. Mr. Scherer provided such contemporaneous corroboration by way of his father's and Mr. Zimmerman's testimony, and thus the Appeals Council erred in requiring that Mr. Scherer provide more.

In sum, the Appeals Council reversed the ALJ's decision based solely on an incorrect legal premise—namely, that Mr. Scherer was required to present medical evidence that is contemporaneous with his application for disability that establishes the existence of a medically determinable impairment. This legal error requires the Court to reverse the Appeals Council's decision.

### B. The Remedy

Having concluded that the Appeal Council's reversal was erroneous, the Court must decide whether to remand the case for further proceedings or order an award of benefits. Mr. Scherer argues that the Court should order an award of benefits because this is one of the rare cases where "the relevant factual issues have been resolved and the record requires a finding of disability." [Filing No. 16 at 19.] The Commissioner does not respond to this argument.

When an ALJ's decision is not supported by substantial evidence, a remand for further proceedings is typically the appropriate remedy. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). But as Mr. Scherer recognizes, an award of benefits "is appropriate only

where all factual issues have been resolved and the record can yield but one supportable conclusion." *Id.* (citation omitted).

The Court concludes that an award of benefits is appropriate in this case. First, the Commissioner's failure to respond to Mr. Scherer's request for an award of benefits constitutes a waiver of any argument to the contrary. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument—as [Defendants] have done here—results in waiver."); *see also Goodpaster v. City of Indianapolis*, 736 F.3d 1060, 1075 (7th Cir. 2013). On this basis alone, the Court finds an award of benefits appropriate.

Second, all of the factual issues have been resolved by the ALJ, and the ALJ concluded that, based on the resolution of those factual issues, Mr. Scherer was disabled and thus entitled to supplemental security income. [Filing No. 12-2 at 21-28.] The Appeals Council reversed only the ALJ's step-two conclusion, and as explained above, did so based solely on an erroneous legal premise. [Filing No. 12-2 at 5-9.] Given this, there are no further factual determinations to be made, and the record leaves no doubt that Mr. Scherer is disabled and therefore entitled to supplemental security income. *See Briscoe*, 425 F.3d at 355.

## IV.
### CONCLUSION

For the reasons explained, the Appeals Council's decision is **REVERSED**, and the Commissioner is **ORDERED** to award benefits to Mr. Scherer. Final Judgment will issue accordingly.

February 20, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to all counsel of record**